IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **STAGECRAFT COSTUMING INCORPORATED** | : | Case No. 1:10-cv-197 |
| 3950 Spring Grove Avenue | : | Judge Barrett |
| Cincinnati, Ohio 45223 | | |
| | : | **COMPLAINT FOR COPYRIGHT INFRINGEMENT, TRADE DRESS INFRINGEMENT, DECEPTIVE TRADE PRACTICES, AND UNFAIR COMPETITION** |
| Plaintiff, | | |
| | : | |
| vs. | | |
| | : | |
| **HOUSEHAUNTERS LIMITED LIABILITY COMPANY, D/B/A HOUSEHAUNTERS, INC. AND HOUSEHAUNTERS LLC** | : | **DEMAND FOR JURY TRIAL** |
| 70 Burnet Street | : | |
| Maplewood, New Jersey 07040 | : | |
| and | : | |
| **BRIAN M. KELLY** | : | |
| 70 Burnet Street | | |
| Maplewood, New Jersey 07040 | : | |
| and | : | |
| **JOHN/JANE DOES(S) 1-10** | : | |
| Defendants. | : | |

Plaintiff Stagecraft Costuming Incorporated ("Stagecraft"), for its complaint against Defendants HouseHaunters Limited Liability Company ("HouseHaunters"), Brian M. Kelly, and John/Jane Doe(s) 1-10, states as follows:

### NATURE OF THE ACTION

1. This action arises from HouseHaunters' slavish copying of Stagecraft's copyrighted costume titled *The Man in the Cage*. The costume—which is highly original, successful, and well known—creates the illusion that the wearer is trapped inside a cage held by

a large gorilla. Recognizing the originality and creativity of the costume, HouseHaunters infringed Stagecraft's copyright and trade dress by creating and selling a nearly identical version of the costume called "Get Me Out of the Cage Gorilla Costume." In addition to directly infringing Stagecraft's copyright, HouseHaunters also contributorily infringed the copyright by inducing retailers to sell the infringing costume. Furthermore, Kelly, the president of HouseHaunters, is liable as a vicarious infringer because he was aware of HouseHaunters' infringement, directly benefited from it, and failed to stop it—despite having the ability to do so.

## JURISDICTION AND VENUE

2.      Jurisdiction of this Court is invoked under 28 U.S.C. §1338(a) as this action arises under the Copyright Act of 1976, 17 U.S.C. §101 et seq. This Court additionally has jurisdiction over Stagecraft's state-law claims under 28 U.S.C. §1367.

3.      Venue is proper in this district under 28 U.S.C. §1391(b) and (c).

## THE PARTIES

4.      Stagecraft is an Ohio corporation with its principal place of business in Cincinnati, Ohio. Since 1975, Stagecraft has been designing and manufacturing custom character costumes for amusement parks and corporate identities, mascots for major universities, and illusion costumes.

5.      One of Stagecraft's illusion costumes is *The Man in the Cage*, which, although worn by a single person, gives the appearance that a large gorilla is carrying the wearer of the costume. A photograph of the costume is below.



*The Man in the Cage*

6. HouseHaunters is a limited liability company organized and existing under the laws of the State of New Jersey. HouseHaunters manufactures and distributes costumes. According to its website, HouseHaunters is "a wholesaler to the industry" that "merges props and costumes that deliver a lot visual punch for not a lot of money."

7. Upon information and belief, HouseHaunters also does business as HouseHaunters, Inc. and HouseHaunters LLC.

8. Kelly is the president of HouseHaunters and resides in New Jersey. Upon information and belief, Kelly is involved in the day-to-day operations of HouseHaunters, including the design and marketing of HouseHaunters' products.

9. This Court has specific personal jurisdiction over HouseHaunters and Kelly under Ohio Rev. Code §2307.382(1), (2), and (6) because Stagecraft's claims against them arise out of their significant contacts with Ohio. Among other contacts, HouseHaunters has, upon information and belief, sold infringing costumes to Ohio residents and, through a website, mounted advertising efforts directed to Ohio residents. Moreover, HouseHaunters and Kelly misappropriated and infringed Stagecraft's copyright and trade dress with full knowledge that Stagecraft resides in Ohio and that Ohio would be the situs of Stagecraft's injury.

3

10.     Upon information and belief, HouseHaunters sells costumes to the public directly and through retailers. Because Stagecraft is unable to discover the identities of these retailers at this time, they are referred to as John/Jane Doe(s) 1–10, fictitious names used for purposes of this complaint.

11.     This Court has personal jurisdiction over John/Jane Doe(s) 1-10 because, on information and belief, they (1) reside in Ohio, (2) have had contacts with Ohio from which Stagecraft's claims arise, and/or (3) have had other extensive, systematic, and continuous dealings with Ohio.

## FACTUAL ALLEGATIONS

12.     In 1985, Stagecraft created *The Man in the Cage* costume.

13.     *The Man in the Cage* costume creates its unique illusion through the creative combination and positioning of the gorilla, the cage, and the wearer of the costume. The distinctive costume is well known to consumers and has become associated with Stagecraft. This combination of elements shall be referred to hereinafter as "*The Man in the Cage* Trade Dress."

14.     Beginning in 2008, HouseHaunters began manufacturing and selling a costume called "Get Me Out of the Cage Gorilla Costume," which is a copy of Stagecraft's costume that provides the identical illusion.

15.     Below are photographs of the two costumes. On the left is a photograph provided to the U.S. Copyright Office in connection with Stagecraft's copyright application, which was approved and resulted in Copyright Registration Number VA 1-705-703, dated March 15, 2010. On the right is a photograph of the copy from HouseHaunters' website obtained on March 25, 2010.

 

**Stagecraft's *The Man in the Cage***          **HouseHaunters' Copy**

16.     Although Stagecraft's costume is of significantly higher quality, HouseHaunters' costume appears substantially similar to Stagecraft's costume.

17.     Indeed, the entire look and feel of HouseHaunters' copy is strikingly similar to Stagecraft's original *The Man in the Cage* costume.  Among other specific similarities, both costumes depict substantially similar gorillas holding substantially similar cages with persons in substantially identical positions.

18.     Although it is obvious HouseHaunters copied Stagecraft's *The Man in the Cage*, Kelly has made statements that confirm HouseHaunters' costume is a copy.  For example, in 2008, Kelly made the following statement to a trade publication: "This one-person costume is made to create a scene wherever it goes.  The wearer appears to be trapped in a bamboo cage being carried by a full-grown gorilla. ***This is the first year [it's] offered anywhere for under $1,000***."  (Emphasis added).

19.     Not surprisingly, HouseHaunters has had success with its copy of *The Man in the Cage*.  For example, HouseHaunters' website boasts the costume won an award in 2008 for the

5

"most creative" costume, despite the fact that HouseHaunters did not create the costume but rather brazenly copied it.

20. HouseHaunters' website also includes photographs of its copy of *The Man in the Cage*. Photographs of the copy additionally appear in other marketing materials, including, for example, materials provided at trade shows, such as the "Halloween & Party Expo" in Houston, Texas.

21. In approximately December 2009, Stagecraft discovered HouseHaunters had copied Stagecraft's *The Man in the Cage*.

22. On January 6, 2010, Stagecraft sent Kelly an email informing him that HouseHaunters' gorilla costume infringes Stagecraft's copyright. Stagecraft also demanded that HouseHaunters cease and desist from further infringement of Stagecraft's copyright.

23. On January 11, 2010, HouseHaunters denied infringement and refused to stop selling its copies of *The Man in the Cage*.

## FIRST CLAIM FOR RELIEF
**(Copyright Infringement by Defendants HouseHaunters and John/Jane Doe(s) 1-10)**

24. Stagecraft incorporates the preceding allegations as though fully set forth herein.

25. Stagecraft has complied in all respects with the Copyright Act of 1976, as amended, and received from the Register of Copyrights a Certificate of Registration, Number VA 1-705-703, dated March 15, 2010, for the design and three-dimensional embodiment of *The Man in the Cage* costume. A copy of the Certificate of Registration and the deposit materials are attached collectively hereto as Exhibit 1 (hereinafter the "*The Man in the Cage* Copyright").

26. *The Man in the Cage* Copyright embodies copyrightable expression and subject matter under the copyright laws of the United States.

27. Stagecraft is the owner of all right, title, and interest in and to *The Man in the Cage* Copyright.

28. With full knowledge of Stagecraft's rights, and in open and known hostility to them, HouseHaunters—in violation of Stagecraft's exclusive rights under 17 U.S.C. §106—has infringed and continues to infringe *The Man in the Cage* Copyright by substantially copying, distributing, displaying, and making derivative works of *The Man in the Cage* without Stagecraft's consent.

29. As described above, these infringing copies and derivative works include, but are not limited to, HouseHaunters' "Get Me Out of the Cage Gorilla Costume" and depictions of the costume on HouseHaunters' website and other marketing materials.

30. HouseHaunters engaged in deliberate and calculated plagiarism. HouseHaunters' acts constitute willful infringement of *The Man in the Cage* Copyright to Stagecraft's irreparable damage.

31. On information and belief, HouseHaunters' retailers John/Jane Does 1-10 have also infringed and continue to infringe *The Man in the Cage* Copyright and have participated in infringing activity by distributing and displaying unauthorized copies of Stagecraft's *The Man in the Cage* in violation of Stagecraft's exclusive rights under 17 U.S.C. §106.

32. As a direct and proximate result of infringement by HouseHaunters and John/Jane Doe(s) 1-10 of Stagecraft's copyright and exclusive rights under copyright, Stagecraft is entitled to damages and profits under 17 U.S.C. §504 for each infringement.

33. Stagecraft further is entitled to its attorneys' fees and full costs under 17 U.S.C. §505.

34. The above conduct of HouseHaunters and John/Jane Doe(s) 1-10 is causing and, unless enjoined and restrained by this Court, will continue to cause Stagecraft great and irreparable injury that cannot fully be compensated or measured in money.  Stagecraft has no adequate remedy at law.  Under 17 U.S.C. §502, Stagecraft is entitled to preliminary and permanent injunctions prohibiting further infringements of Stagecraft's copyright.

## SECOND CLAIM FOR RELIEF
### (Contributory Copyright Infringement by Defendant HouseHaunters)

35. Stagecraft incorporates the preceding allegations as though fully set forth herein.

36. With actual or constructive knowledge of the infringing activity and intent that the infringing *The Man in the Cage* costume be distributed, displayed, and sold, HouseHaunters has willfully induced, caused, or materially contributed to infringing conduct of others, including, upon information and belief, but not limited to, retailers John/Jane Doe(s) 1–10, and continues to induce, cause, or materially contribute to their infringing conduct, by producing and distributing the infringing items to others for public display and sale.

37. As a direct and proximate result of contributory infringement by HouseHaunters of Stagecraft's copyright and exclusive rights under copyright, Stagecraft is entitled to damages under 17 U.S.C. §504 for each infringement.

38. Stagecraft further is entitled to its attorneys' fees and full costs under 17 U.S.C. §505.

39. The above conduct of HouseHaunters is causing and, unless enjoined and restrained by this Court, will continue to cause Stagecraft great and irreparable injury that cannot fully be compensated or measured in money.  Stagecraft has no adequate remedy at law.  Under 17 U.S.C. §502, Stagecraft is entitled to preliminary and permanent injunctions prohibiting further infringements of Stagecraft's copyright.

## THIRD CLAIM FOR RELIEF
### (Vicarious Copyright Infringement by Defendant Brian M. Kelly)

40. Stagecraft incorporates the preceding allegations as though fully set forth herein.

41. At all times relevant herein, Kelly had the right and ability to supervise and/or control the infringing conduct of HouseHaunters by, without limitation, preventing the sale, advertisement, and distribution of HouseHaunters infringing copies of *The Man in the Cage* costume, but Kelly has failed to exercise such supervision and/or control. As a direct and proximate result of such failure, HouseHaunters and retailers John/Jane Doe(s) 1-10 have infringed Stagecraft's *The Man in the Cage* Copyright, as set forth above.

42. At all times relevant herein, Kelly derived substantial financial benefit from infringements of Stagecraft's *The Man in the Cage* Copyright by HouseHaunters and its retailers.

43. The foregoing acts of infringement by Kelly have been willful, intentional, and purposeful and in disregard of and indifference to the rights of Stagecraft.

44. The foregoing conduct of Kelly constitutes vicarious infringement of Stagecraft's *The Man in the Cage* Copyright and exclusive rights under copyright, in violation of 17 U.S.C. §§106, 115, and 501.

45. As a direct and proximate result of Kelly's vicarious infringement of Stagecraft's copyright and exclusive rights under copyright, Stagecraft is entitled to damages under 17 U.S.C. §504 for each infringement.

46. Stagecraft further is entitled to its attorneys' fees and full costs under 17 U.S.C. §505.

47. Kelly's foregoing conduct is causing and, unless enjoined and restrained by this Court, will continue to cause Stagecraft great and irreparable injury that cannot fully be compensated or measured in money. Stagecraft has no adequate remedy at law.

Under 17 U.S.C. §502, Stagecraft is entitled to preliminary and permanent injunctions prohibiting further vicarious infringements of Stagecraft's copyrights.

## FOURTH CLAIM FOR RELIEF
### (Trade Dress Infringement by Defendant HouseHaunters)

48. Stagecraft incorporates the preceding allegations as though fully set forth herein.

49. Stagecraft is the owner of common law rights throughout the United States in *The Man in the Cage* Trade Dress though Stagecraft's use and promotion in interstate commerce.

50. *The Man in the Cage* Trade Dress is well known among consumers and has come to be associated exclusively with Stagecraft.

51. *The Man in the Cage* Trade Dress was distinctive long before HouseHaunters began offering its copy of the costume for sale.

52. *The Man in the Cage* Trade Dress is non-functional.

53. HouseHaunters' unauthorized use, sale, and distribution of its copy of *The Man in the Cage* is likely to cause confusion, to cause mistake, or to deceive as to the source, affiliation, connection, association, sponsorship, or approval of HouseHaunters' copy of the *The Man in the Cage*.

54. HouseHaunters' unauthorized use, sale, and distribution of HouseHaunters' copy of the *The Man in the Cage* constitutes trade dress infringement in violation of Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a).

55. Upon information and belief, HouseHaunters' infringement of *The Man in the Cage* Trade Dress has been and continues to be intentional, willful, and without regard to Stagecraft's rights.

56. Upon information and belief, HouseHaunters has gained profits by virtue of its infringement of *The Man in the Cage* Trade Dress.

57.   Stagecraft also has sustained damages as a direct and proximate result of HouseHaunters' infringement of *The Man in the Cage* Trade Dress in an amount to be proven at trial.

58.   Under 15 U.S.C. §1116, Stagecraft is entitled to an injunction against HouseHaunters' continuing infringement of Stagecraft's trade dress.  Unless enjoined and restrained by this Court, HouseHaunters will continue to cause Stagecraft great and irreparable injury that cannot fully be compensated or measured in money.  Stagecraft has no adequate remedy at law.

59.   Because HouseHaunters' actions have been committed with intent to damage Stagecraft and to confuse and deceive the public, Stagecraft is entitled to treble its actual damages or HouseHaunters' profits, whichever is greater, and to an award of costs and, this being an exceptional case, reasonable attorneys' fees under 15 U.S.C. §1117(a) and (b).

## FIFTH CLAIM FOR RELIEF
**(Deceptive Trade Practices by Defendant HouseHaunters)**

60.   Stagecraft incorporates the preceding allegations as though fully set forth herein.

61.   HouseHaunters' business practices as alleged above constitute deceptive trade practices under Ohio Rev. Code §4165.02(A).  Among other deceptive practices, HouseHaunters has passed off goods as those of Stagecraft and caused likelihood of confusion or misunderstanding as to the source, sponsorship, approval, or certification of HouseHaunters' goods.

62.   The extent of the damages suffered by Stagecraft as a consequence of HouseHaunters' deceptive trade practices is not presently known but will be proven at trial.

63.   Under Ohio Rev. Code §4165.03, Stagecraft is entitled to injunctive relief, damages, and attorneys' fees as a result of HouseHaunters' deceptive trade practices.

64. Unless enjoined and restrained by this Court, HouseHaunters will continue to cause Stagecraft great and irreparable injury that cannot fully be compensated or measured in money.  Stagecraft has no adequate remedy at law.

## SIXTH CLAIM FOR RELIEF
### (Unfair Competition by Defendant HouseHaunters)

65. Stagecraft incorporates the preceding allegations as though fully set forth herein.

66. HouseHaunters' business practices as alleged above constitute unfair competition and unfair business practices under state common law.

67. As a direct and proximate result of HouseHaunters' infringing conduct, Stagecraft has suffered and will continue to suffer lost sales and profits in an amount not yet fully ascertained in an amount to be proven at trial.  In addition, Stagecraft has suffered and continues to suffer irreparable injury to its business reputation and goodwill for which no adequate remedy exists at law and for which Stagecraft is entitled to injunctive relief.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Stagecraft requests the following relief:

A. That all Defendants be permanently enjoined and restrained from copying, reproducing, manufacturing, duplicating, disseminating, or distributing copies of *The Man in the Cage* or otherwise infringing *The Man in the Cage* Copyright;

B. That Defendant HouseHaunters be permanently enjoined and restrained from infringing *The Man in the Cage* Trade Dress;

C. That all Defendants be ordered to file, within 30 days of the issuance of the injunctions, sworn reports setting forth in detail the manner in which Defendants have complied with the injunctions;

D. That all Defendants be required to pay Stagecraft damages as a result of the copyright infringement;

E. That Defendant HouseHaunters be required to pay Stagecraft treble damages as a result of HouseHaunters' trade dress infringement;

F. That Defendant HouseHaunters be required to pay Stagecraft damages as a result of HouseHaunters' deceptive trade practices;

G. That Defendant HouseHaunters be required to pay Stagecraft damages as a result of HouseHaunters' unfair competition;

H. That all Defendants be required to pay Stagecraft's full costs in this action and reasonable attorneys' fees; and

I. That the Court award such other and further relief as it deems just and appropriate.

Respectfully submitted,

_____
Kevin W. Kirsch (0081996)
*Trial Attorney*
John F. Bennett (0074506)
Baker and Hostetler LLP
312 Walnut Street, Suite 3200
Cincinnati, Ohio 45202-4074
Telephone: (513) 929-3499
Facsimile:  (513) 929-0303
kkirsch@bakerlaw.com
jbennett@bakerlaw.com

ATTORNEYS FOR PLAINTIFF STAGECRAFT
COSTUMING INCORPORATED

## JURY DEMAND

Plaintiff Stagecraft demands trial by jury on all issues.

_____
Kevin W. Kirsch

502806926